UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RAYMOND TAYLOR,**

    **Plaintiff,**

v.                                                                                       Case No: 5:25-cv-19-WFJ-PRL

**DEPUTY JESSIE HALL, DEPUTY KYLE RIEMER, DEPUTY DAVID FLORES, DEPUTY HUDSON HOUGHTON, and CITRUS COUNTY SHERIFF'S DEPARTMENT,**

    **Defendants.**

___

**ORDER**

Plaintiff Raymond Taylor ("Plaintiff"), who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against the Citrus County Sheriff's Department and several officers with the Citrus County Sheriff's Department (collectively, the "Defendants"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

I.   **LEGAL STANDARDS**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *See id*. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than

an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. DISCUSSION

Plaintiff filed the standard form entitled "Complaint for a Civil Case" as his complaint (Doc. 1), asserting the basis of the Court's jurisdiction pursuant to 42 U.S.C. § 1983 and *Monroe v. Pape*, 365 U.S. 167 (1961) (overruled by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978))[1] (*Id*. at p. 3). Plaintiff's allegations in the complaint are almost entirely incomprehensible and consist of rambling, incoherent statements. As best can be discerned from the sparse allegations, it appears that Plaintiff's claims arise from a traffic stop he had with law enforcement—specifically officers with the Citrus County Sheriff's Department—on November 12, 2024.

During that traffic stop, Plaintiff alleges that defendant Jessie Hall "[f]orced [him] out of the vehicle" and "[t]hen dogs were called [that vandalized] [t]he passenger door and front fender." (Doc. 1 at p. 4). After he was forced out of his vehicle, Plaintiff claims that defendants Jessie Hall and Kyle Riemer "[ru]mmaged through the vehicle leaving the vehicle in disarray[,]" and "[a]fter nothing was found in the vehicle[,] [he] was placed under arrest put into handcuffs." (*Id*.). While placed under arrest outside his vehicle, Plaintiff alleges that defendant Jessie Hall "search[ed] through all [his] pants pockets" and "[t]old [him he] had 12

---

[1] In *Monell*, the Supreme Court held that local governments may not be held liable for constitutional deprivations on the theory of *respondeat superior*; rather, they may be held liable only if such constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

felonies and that [he] was going to jail." (*Id.*). Eventually, however, Plaintiff claims that "[t]he officer unhandcuff[ed] [him] and issued a warning." (*Id.*).

While Plaintiff asserts 42 U.S.C. § 1983 as the basis for the Court's jurisdiction, he alleges that Defendants violated his "civil rights" under 42 U.S.C. § 1985. (*Id.* at p. 5). He demands damages for "vandalism of property" in the amount of $3,500; "emotional distress" damages in the amount of $36,000; and "punitive damage[s]" in the amount of $25,000.[2] (*Id.* at p. 4).

### A. Federal Rules of Civil Procedure

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Moreover, despite naming four individual defendants in the complaint, Plaintiff failed to allege any facts supporting his contention that defendants David Flores and Hudson Houghton acted in violation of law and, thus, it is unclear what actions those two defendants took to form the basis of Plaintiff's claims. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not

---

[2] While Plaintiff alleges that the Court has federal question jurisdiction over this action under § 1983 and requests property damages, emotional distress damages, and punitive damages, he also alleges that the Court has diversity of citizenship jurisdiction over this action and asserts that the amount in controversy exceeds $75,000, consisting of the following claims: "excessive force" in the amount of $25,000; "f[al]se arrest" in the amount of $25,000; "unlawful sea[r]ch" in the amount of $25,000; "unlawful procurement" in the amount of $25,000; "malicious prosecution" in the amount of $25,000; "harassment" in the amount of $25,000; and "patterns and practice" in the amount of $25,000 (*Id.* at pp. 3-4). As all Defendants appear to be citizens of the State of Florida (*id.* at p. 2) and there is no facts indicating otherwise, Plaintiff has failed to allege any basis for the Court to exercise diversity of citizenship jurisdiction.

required to rewrite a deficient pleading." *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B. Improper Party to the Action

Next, Plaintiff's claims against Citrus County Sheriff's Department are improper because it is not a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (agreeing with the district court that the sheriff's department was not a legal entity and, thus not subject to suit or liability under § 1983); *Spry v. Turner*, No. 8:11-CV-531-T-33TGW, 2011 WL 940343, at *2 (M.D. Fla. Mar. 17, 2011) (finding that Polk County Sherriff's Department was not a suable entity since "no provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given authority to be sued in such a name") (citations omitted); *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (determining that "police departments are not legal entities amenable to suit" under Florida law); *Papa v. City of N. Miami Beach*, No. 06-61833-C.V., 2007 WL 9701041, at *3 (S.D. Fla. Apr. 2, 2007) (explaining that when fulfilling policing functions, police departments "do[] not have the capacity to be sued and dismissal with prejudice is the appropriate result").

### C. Failure to State a Claim Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985

Finally, the complaint fails to contain sufficient allegations to demonstrate that Plaintiff can assert a viable claim in this action under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. As a general matter, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (internal quotations omitted)). A civil action under § 1983 "creates a private right of action to vindicate violations

of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

While Plaintiff alleges that he is proceeding with this action under § 1983, the complaint lacks sufficient allegations to state a plausible claim for relief. Plaintiff fails to identify the specific constitutional right allegedly infringed, and he has not alleged any facts suggesting such a violation occurred. *See Albright*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed."). Instead, Plaintiff's complaint generally alleges that Defendants violated his "civil rights." In addition, as noted above, Plaintiff fails to allege what specific misconduct individual defendants David Flores and Hudson Houghton personally participated in. Thus, even construing his allegations liberally, Plaintiff's complaint fails to state a claim under § 1983 upon which relief may be granted.

Likewise, to the extent that Plaintiff is attempting to proceed and state a claim under 42 U.S.C. § 1985, the complaint lacks sufficient allegations to state a plausible claim for relief. Plaintiff fails to allege which subsection(s) of § 1985 Defendants have violated. Section 1985 contains three subsections—i.e., subsections (1), (2), and (3). *See generally* § 1985. Subsections (1) and (2) do not appear to apply to the facts alleged in the complaint. *See* § 1985(1) (relating to actions preventing an officer from performing his duties); § 1985(2) (prohibiting

conspiracies to intimidate or retaliate against parties or witnesses in federal court proceedings).

If Plaintiff intended to state a cause of action for conspiracy under § 1985(3), he must allege the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997). "A claim under [s]ection 1985(3) also requires an allegation of invidious discriminatory intent." *Cox v. Mills*, 465 F. App'x 885, 887-88 (11th Cir. 2012) (per curiam). Here, Plaintiff fails to allege any conspiracy, and one is not apparent from the allegations in the complaint. Thus, Plaintiff's complaint also fails to state a claim under § 1985 upon which relief may be granted.

In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the basis for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint to proceed in forma pauperis by **February 26, 2025**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on January 29, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties