UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAYMOND TAYLOR,

      Plaintiff,

v.                                       Case No: 5:25-cv-19-WFJ-PRL

DEPUTY JESSIE HALL, DEPUTY
KYLE RIEMER, DEPUTY DAVID
FLORES, DEPUTY HUDSON
HOUGHTON, and CITRUS COUNTY
SHERIFF'S DEPARTMENT,

      Defendants.

---

### REPORT AND RECOMMENDATION[1]

Plaintiff Raymond Taylor ("Plaintiff"), who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against the Citrus County Sheriff's Department and various law enforcement officers within the Citrus County Sheriff's Department (collectively, the "Defendants"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Previously, due to deficiencies noted in Plaintiff's complaint, the undersigned took Plaintiff's motion to proceed in forma pauperis under advisement and allowed Plaintiff to file an amended complaint. (Doc. 4). Plaintiff failed to file an amended complaint within the time permitted and, thus, has not cured the deficiencies in the original complaint. Accordingly, the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied and his complaint be dismissed.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 555-56. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *See id.* at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II.    DISCUSSION

As the Court observed in its prior Order (Doc. 4), Plaintiff initiated this action by filing the standard form entitled "Complaint for a Civil Case" as his complaint (Doc. 1 at p. 1), citing 42 U.S.C. § 1983 and *Monroe v. Pape*, 365 U.S. 167 (1961)[2] as the basis for the Court's federal question jurisdiction[3] over this action (Doc. 1 at p. 3). In short, Plaintiff's allegations are almost entirely incomprehensible and consist of incoherent statements in a narrative form.

---

[2] In *Monroe v. Pape*, 365 U.S. 167 (1961), the Supreme Court of the United States considered the application of federal civil rights law to constitutional violations by Chicago city police officers, holding that 42 U.S.C. § 1983 could be used to sue state officers who violated a plaintiff's constitutional rights. Although the Supreme Court dismissed the complaint against the City of Chicago, the Court determined that Congress had not intended the word "person" in § 1983 to apply to municipalities. *See Monroe*, 365 U.S. at 190-92. This aspect of *Monroe* was later overruled in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), where the Court held that municipalities were "persons" under § 1983 and could face liability under certain circumstances. Nevertheless, despite being partially overruled in *Monell*, *Monroe* recognized the ability of litigants to seek a federal remedy against state actors through the Fourteenth Amendment and 42 U.S.C. § 1983 for violations of their civil rights.

[3] Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

(Doc. 1 at pp. 4-5). As best can be discerned from the sparse allegations, it appears that this §

1983 action[4] arises from a traffic stop Plaintiff was involved in with officers in the Citrus

County Sheriff's Department. (*See id*. at p. 4).

During the alleged traffic stop on November 12, 2024, Plaintiff contends that

defendant Deputy Jessie Hall "[f]orced [him] out [of] the vehicle" and "[t]hen dogs were

called [that vandalized] [t]he passenger door and front fender" of his vehicle. (*Id*.). After being

forcibly removed from his vehicle, Plaintiff claims that defendants Deputy Jessie Hall and

Deputy Kyle Riemer "[ru]mmaged through the vehicle leaving the vehicle in disarray[,]" and

"[a]fter nothing was found in the vehicle[,] [he] was placed under arrest put into handcuffs."

(*Id*.). While placed under arrest outside his vehicle, Plaintiff alleges that defendant Deputy

Jessie Hall "search[ed] through all [his] pants pockets" and "[t]old [him he] had 12 felonies

and that [he] was going to jail." (*Id*.). Eventually, however, Plaintiff states that "[t]he officer

unhandcuff[ed] [him] and issued a warning." (*Id*.). As a result of this alleged incident, Plaintiff

demands damages for vandalism of property in the amount of $3,500, emotional distress

damages in the amount of $36,000, and punitive damages in the amount of $25,000. (*Id*. at p.

4).[5]

---

[4] While Plaintiff contends that 42 U.S.C. § 1983 is at issue in this action (Doc. 1 at p. 3), he later alleges in the complaint that Defendants violated the "Civil Right Act of 42 U.S.C. § 1985" (Doc. 1 at p. 5). Based on the allegations in the complaint, Plaintiff presumably intended to sue Defendants under § 1983. However, for purposes of completeness, the Court discusses Plaintiff's § 1983 and § 1985 claims below.

[5] While Plaintiff asserts that the Court has federal question jurisdiction over this action and requests property damages, emotional distress damages, and punitive damages, he also alleges that the Court has diversity of citizenship jurisdiction over this action. (*Id*. at pp. 3-4). Under the diversity of citizenship jurisdiction section in his complaint, Plaintiff asserts that the amount in controversy exceeds $75,000, consisting of the following claims: (1) excessive force in the amount of $25,000; (2) false arrest in the amount of $25,000; (3) unlawful search in the amount of $25,000; (4) unlawful procurement in the amount of $25,000; (5) malicious prosecution in the amount of $25,000; (6) harassment in the amount of $25,000; and (7) patterns and practice in the amount of $25,000. (*Id*.). As all Defendants are citizens of the State of Florida (*see id*. at p. 2) and there are no facts suggesting

## A. Failure to Comply with the Federal Rules of Civil Procedure

As a threshold matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief, as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Moreover, despite naming four individual defendants in the complaint (i.e., Deputy Jessie Hall, Deputy Kyle Reimer, Deputy David Flores, and Deputy Hudson Houghton), Plaintiff did not allege any facts indicating how defendants Deputy David Flores and Deputy Hudson Houghton were involved in the alleged violations, nor did he state how they were legally responsible for the alleged wrongs that occurred during the traffic stop. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *See Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

## B. Citrus County Sheriff's Department Is an Improper Party to the Action

Next, as the Court explained in its previous Order, Plaintiff's claims against the Citrus County Sheriff's Department are improper because it is not a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (agreeing with the district court that the sheriff's department was not a legal entity and, thus not subject to suit or liability under § 1983); *Spry v. Turner*, No. 8:11-CV-531-T-33TGW, 2011 WL 940343, at *2 (M.D. Fla. Mar. 17, 2011) (finding that Polk County Sherriff's Department was not a suable entity since "no provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given

---

otherwise, Plaintiff has failed to show a basis for the Court to exercise diversity of citizenship jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

authority to be sued in such a name") (citations omitted); *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) (determining that "police departments are not legal entities amenable to suit" under Florida law); *Papa v. City of N. Miami Beach*, No. 06-61833-C.V., 2007 WL 9701041, at *3 (S.D. Fla. Apr. 2, 2007) (explaining that when fulfilling policing functions, police departments "do[] not have the capacity to be sued and dismissal with prejudice is the appropriate result").

### C.  Failure to State a Claim Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985

Finally, in addition to the deficiencies noted above, the complaint fails to contain sufficient allegations to demonstrate that Plaintiff can assert a viable claim in this action against Defendants under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. Generally, § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (internal quotations omitted)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).

To state a claim for relief under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law; and (2) that such a deprivation occurred under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). Persons acting under the color of state law typically include officials who, in some capacity, represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 663 (1978). Additionally, where

a plaintiff seeks to impose liability on a defendant who is not an active participant in the alleged constitutional deprivation, the plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *See Williams v. Bennett*, 689 F.2d 1370, 1380-81 (11th Cir. 1982).

While Plaintiff alleges that he is proceeding with this action under § 1983, the complaint lacks sufficient allegations to state a plausible claim for relief. Plaintiff fails to identify the specific constitutional right allegedly infringed, and he has not alleged any facts suggesting such a violation occurred. *See Albright*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed."). Instead, Plaintiff generally alleges that Defendants violated his "civil rights." (Doc. 1 at p. 5). In addition, as discussed above, Plaintiff fails to allege the specific misconduct defendants David Flores and Hudson Houghton personally participated in and how they acted in violation of the law. Thus, even construing his allegations liberally, Plaintiff's complaint fails to state a claim under § 1983.

Likewise, to the extent that Plaintiff is attempting to bring a claim under 42 U.S.C. § 1985 (*see* Doc. 1 at p. 5), the complaint lacks sufficient allegations to state a plausible claim for relief. Plaintiff fails to allege which subsection(s) of § 1985 Defendants have violated. Section 1985 contains three subsections—i.e., subsections (1), (2), and (3). *See generally* § 1985. Here, subsections (1) and (2) do not appear to apply to the facts alleged in the complaint. *See* § 1985(1) (relating to actions preventing an officer from performing his duties); § 1985(2) (prohibiting conspiracies to intimidate or retaliate against parties or witnesses in federal court proceedings).

To the extent that Plaintiff attempted to assert a cause of action for conspiracy under § 1985(3), he must allege the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *See Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997). "A claim under [s]ection 1985(3) also requires an allegation of invidious discriminatory intent." *Cox v. Mills*, 465 F. App'x 885, 887-88 (11th Cir. 2012) (per curiam). In this case, Plaintiff fails to allege any conspiracy, and one is not apparent from the allegations in the complaint. Thus, construing his allegations liberally, Plaintiff's complaint fails to state a claim under § 1985.

The Court previously advised Plaintiff of these deficiencies in the complaint, and despite affording him an opportunity to file an amended complaint, Plaintiff failed to do so, and the time for doing so has now expired.

## III.    RECOMMENDATION

Accordingly, for the foregoing reasons, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed.

**Recommended** in Ocala, Florida on March 14, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy